SHINER OIL MILL & MANUFACTURING CO., PETITIONER, v. COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2875.    Promulgated April 24, 1928.

*Charles F. Byers, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

OPINION.

Love: The record in this case is very unsatisfactory. All the books of petitioner pertaining to the taxable year had been destroyed. But few of the necessary facts were obtainable in a definite form. The Commissioner had in prior years allowed 8 per cent depreciation on a straight-line basis on machinery and fixtures. Whether or not 8 per cent average depreciation was excessive we can not determine from the record. The evidence shows that the engine in use had a normal life of over 30 years; the boiler 8 to 12 years; cotton press 30 to 40 years; other units whose life was designated ranged from 4 to 10 years. No length of life was indicated for several of the units.

At the close of the hearing counsel for the respondent moved to increase the deficiency on the ground that the evidence disclosed the fact that the Commissioner, in allowing an 8 per cent depreciation, had allowed too much. From the evidence in the record we can not say that the 8 per cent average depreciation in normal seasons was excessive, though it may have been so. However, we are now dealing with the fiscal year of 1919, which the evidence clearly shows was an abnormal year and in which depreciation was accelerated. Petitioner sought to compute the depreciation for the year in question by the production-unit method, by ascertaining what rate per unit had been taken in prior years, when computed on the 8 per cent average basis, and then applying that same rate per unit to the number of tons of seed crushed in the year in question, thus arriving at the amount of depreciation claimed by it in this case. In considering such a method, we are confronted with two obstacles in this case:

(1) We can not determine that, normally, 8 per cent average depreciation is the correct rate.

(2) While we know from the evidence the number of tons of seed crushed in the year in question, the record fails to disclose the number of tons crushed in prior years.

It may be noted further that in the computation of depreciation by the unit method, it seems necessary to know the number of units of production of which the plant is capable during its entire life, to render such a method applicable. This information was not disclosed and, in the very nature of things, could not be estimated with any degree of accuracy for the reason that the several units of the plant had varying length of life.

With reference to the claim for amortization, it was satisfactorily established that petitioner installed its mote boards in the spring of 1918, at the instance of the Government, at a cost of $1,000, and the plant was operated that year under Government supervision. There is no evidence in the record with reference to items claimed to be amortizable other than the mote boards. Neither is there any evidence to show that petitioner's products contributed, or were manufactured for the purpose of contributing, to the prosecution of the war.

They were sold to mattress factories, and for making cushions for automobile seats. After the close of the 1919 season of operation, but within the fiscal year, petitioner discarded the mote boards. The evidence is clear that the mote boards cost $1,000. It is also clear that they were discarded in the taxable year and thereafter were worthless, and that only $500 was allowed as a deduction. Petitioner is entitled to a further deduction of $500 as a loss in the fiscal year ending April 30, 1919.

The action of the Commissioner with reference to depreciation is sustained.

*Judgment will be entered on 15 days' notice, under Rule 50.*